UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES RAGLAND,

        Petitioner,         Case No. 2:16-cv-75

v.        Honorable Robert Holmes Bell

SHANE PLACE, et al.,

        Respondent.
_____/

**OPINION**

Petitioner filed his application for habeas relief under 28 U.S.C. § 2241. Section 2241 authorizes district courts to issue a writ of habeas corpus to a state or federal prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The instant petition is subject to summary dismissal because petitioner is challenging the conditions of his confinement. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) (the PLRA requires that district courts screen all civil cases brought by prisoners).

**Factual Allegations**

Petitioner James Ragland, a state prisoner currently confined at the Baraga Maximum Correctional Facility (AMF), filed this *pro se* petition against Respondents Warden Shane Place, Doctor Oh Chung, Health Unit Manager Gloria Hill, Officer Unknown Wealton, Officer Unknown Libby, and Officer Unknown Ortiz. Petitioner alleges that Respondents have denied him necessary medical care and have taken his food trays. Petitioner seeks an order requiring Respondents to

provide him with an M.R.I., as well as an order prohibiting Respondents from handcuffing prisoners in a general population setting.

**Discussion**

Where a prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus. *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973). However, habeas corpus is not available to prisoners who are complaining only of the conditions of their confinement or mistreatment during their legal incarceration. *See Martin v. Overton,* 391 F.3d 710, 714 (6th Cir. 2004); *Lutz v. Hemingway,* 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007). Complaints concerning conditions of confinement "do not relate to the legality of the petitioner's confinement, nor do they relate to the legal sufficiency of the criminal court proceedings which resulted in the incarceration of the petitioner." *Lutz,* 476 F. Supp. 2d at 718 (quoting *Maddux v. Rose,* 483 F. Supp. 661, 672 (E.D. Tenn. 1980)). Because Petitioner challenges only the conditions of his confinement, his claims "fall outside of the cognizable core of habeas corpus relief." *Hodges v. Bell*, 170 F. App'x 389, 393 (6th Cir. 2006). An inmate like Petitioner may, however, bring claims challenging the conditions of his confinement under 42 U.S.C. § 1983.

Although *pro se* litigants are treated to less stringent pleading formalities, courts still require such litigants to meet basic pleading standards. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989). "Arguably, hanging the legal hat on the correct peg is such a standard, and '[l]iberal construction does not require a court to conjure allegations on a litigant's behalf.'" *Martin,* 391 F.3d

at 714 (quoting *Erwin v. Edwards,* 22 F. App'x 579, 580 (6th Cir. 2001) (dismissing a § 1983 suit brought as a § 2254 petition)).  Where, as here, claims about conditions of confinement are not cognizable in an action under § 2241, the district court must dismiss the habeas action without prejudice to allow the petitioner to raise his potential civil rights claims properly in a § 1983 action. *Martin,* 391 F.3d at 714. Accordingly, the Court will dismiss Petitioner's claims without prejudice.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's 28 U.S.C. § 2241 petition without prejudice to Petitioner re-filing a civil rights action.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right" with regard to his confinement. 28 U.S.C. § 2253(c)(2).  This Court's dismissal of Petitioner's action is a determination that the § 2241 petition, on its face, lacks sufficient merit to warrant service.  It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted.  *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4);

*Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.

Dated: September 8, 2016  /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE